IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROCK JORDAN (#S-04834),   )
                                                        )
         Plaintiff,   )
                                                        )
vs.   )   Case No. 11-cv-0919-MJR
                                                        )
DONALD JONES,   )
Lt. CHET SCHAEFFER,   )
and Dr. CHABBRA,   )
                                                        )
         Defendants.   )

ORDER ON THRESHOLD REVIEW

REAGAN, District Judge:

**A.**    **Introduction**

Confined at Centralia Correctional Center within this Judicial District, Rock Jordan filed the above-captioned lawsuit in this Court under 42 U.S.C. 1983. The complaint raises claims arising from Jordan's confinement in February 2011 at Franklin County Jail in Benton, Illinois. Jordan names three Defendants – the Sheriff of Franklin County (Donald Jones), the "Head Jailer" of the Franklin County Jail (Lieutenant Chet Schaeffer), and a physician employed by the Illinois Department of Corrections working at the Franklin County Jail (Dr. Chabbra).

By prior Order, the undersigned Judge granted Jordan pauper status. The case comes now before the Court for threshold review pursuant to 28 U.S.C. 1915A. Section 1915A provides that the district court must promptly review complaints in which a prisoner seeks redress from a governmental entity or employee, must identify cognizable claims in the complaint, and must dismiss any complaint (or portion of the complaint) that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A claim is *factually* frivolous if its allegations are bizarre, irrational, or incredible. *Edwards v. Snyder,* **478 F.3d 827, 829-30 (7th Cir. 2007).** A claim is *legally* frivolous "if it lacks an arguable basis in law or is based on an indisputably meritless legal theory." *Edwards,* **478 F.3d at 830.** A complaint is *malicious* if filed for an improper purpose, such as when suit is "brought for purposes of harassment." *Lindell v. McCallum,* **352 F.3d 1107, 1109 (7th Cir. 2003).** Jordan's complaint is neither frivolous nor malicious.

A complaint is subject to dismissal for failure to state a claim on several grounds. *Edwards,* **478 F.3d at 830.** First, a plaintiff must satisfy the minimal federal pleading requirements of Federal Rule of Civil Procedure 8, which requires a "short and plain statement of the claim" sufficient to notify the defendants of the allegations against them, so the defendants are able to file an answer. *Id.* Second, a complaint must state a claim to relief that is facially plausible. *Khorrami v. Rolince,* **539 F.3d 782, 788 (7th Cir. 2008);** *Bell Atlantic Corp. v. Twombly,* **550 U.S. 544 (2007).** Third, a complaint must avoid pleading *too much* – i.e., a plaintiff may allege facts that preclude recovery, thereby unwittingly pleading himself out of court. *Edwards,* **478 F.3d at 830.**

The Seventh Circuit Court of Appeals has reminded that: "Plausibility is not an exacting standard." *Jaros v. Illinois Dept. of Corrections,* **684 F.3d 667, 672 (7th Cir. 2012).** In determining whether a plaintiff has stated a claim upon which relief can be granted, this Court construes the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in his favor. *Hecker v. Deere & Co.,* **556 F.3d 575, 580 (7th Cir. 2009),** *cert. denied,* **130 S. Ct. 1141 (2010).** This Court also bears in mind that pro se complaints must be liberally interpreted and held to a "less stringent standard than formal pleadings drafted by lawyers." *Maddox v. Love,* **655 F.3d 709, 718 (7th Cir. 2011).**

Applying these principles in the instant case, as more fully described below, the Court concludes that Jordan's complaint articulates a colorable claim for deliberate indifference to serious medical needs as to Dr. Chabbra. The complaint states a claim surviving 1915A review as to Defendant Chabbra, but it does not state a claim upon which relief can be granted as to Defendants Jones or Schaeffer.

B.  **Analysis**

Jordan alleges the following. While confined at Franklin County Jail in early February 2011, Jordan saw Dr. Chabbra. Chabbra prescribed the drug Thorazine to Jordan.[1] After Jordan was given the drug, he was returned to his cell. Jordan promptly lost consciousness and experienced a seizure, during which he badly injured his head and broke his hand. Jordan never had experienced a seizure before that date. Jordan was then placed in a segregation cell and left unattended for a period of hours, during which he had more seizures. Eventually he was transported to Franklin County Hospital and treated (receiving stitches on his head injury and an x-ray which verified that his hand was broken). The doctor recommended that Jordan immediately be taken to surgery but, when that was not allowed, released Jordan from the hospital with prescriptions for Cipro (an antibiotic) and Vicodin (a pain reliever).

---

[1]  Jordan refers to this medication as "Thorizen." There is no such drug, and the best the Court can glean Jordan means Thorazine.

Page **2** of **6**

After the hospital visit, Jordan was returned to a segregation cell with no medical observation. Jordan was in severe pain. Jordan asked repeatedly for his prescribed pain medication. Dr. Chabbra and a nurse repeatedly refused to give Jordan his prescription. When Jordan requested grievance forms, he was told by "the officers" at the jail that there were no such forms, and if he did not stop bothering the officers, they would break his other hand.[2] While in segregation after the hospital visit for 12 days, Jordan had additional seizures and suffered unbearable pain in his hand. On the twelfth day, Jordan was taken for surgery. A metal plate was surgically inserted by Dr. Joon Ahn of the Orthopedic Center of Southern Illinois. Post- surgery, Jordan continues to have constant pain in his hand and severe headaches. He seeks compensatory and punitive damages from Defendants for their deliberate indifference to his injuries and neglect of his medical needs (Doc. 1, p. 6).

As to convicted prisoners, the "constitutional source of a deliberate indifference claim is the Eighth Amendment's ban on cruel and unusual punishment." *Cotts v. Osafo,* -- F.3d --, 2012 WL 3240667 (7th Cir. Aug. 10, 2012), *citing Estelle v. Gamble,* **429 U.S. 97, 104 (1976).** *See also Gomez v. Randle,* **680 F.3d 859, 865 (7th Cir. 2012).** It is not entirely clear, but the pleadings before the Court suggest that Plaintiff Jordan was a pretrial detainee in February 2011 when housed at Franklin County Jail. The same general standard applies to pretrial detainees and convicted individuals, but the claims of pretrial detainees are analyzed under the Fourteenth Amendment to the United States Constitution, rather than the Eighth Amendment. *Estate of Miller, ex rel. Bertram v. Tobiasz,* **680 F.3d 984, 989 (7th Cir. 2012).** *Accord Smith v. Knox County Jail,* **666 F.3d 1037, 1038 (7th Cir. 2012)("… the Due Process Clause of the Fourteenth Amendment … affords pretrial detainees the same protection against deliberate indifference as the Eighth Amendment guarantees to the convicted.").**

"A successful deliberate indifference claim is comprised of both an objective and a subjective element." *Roe v. Elyea,* **631 F.3d 843, 857 (7th Cir. 2011),** *citing Farmer v. Brennan,* **511 U.S. 825, 834 (1994).** So, to state a deliberate indifference claim upon which relief can be granted, an inmate must allege both that, objectively, the deprivation he suffered was sufficiently serious and that, subjectively, prison officials acted with a sufficiently culpable state of mind to support § 1983 liability. *See Greeno v. Daley,* **414 F.3d 645, 653 (7th Cir. 2005)(prison officials must know of and disregard a risk of serious harm to inmate health).**

A medical need is deemed sufficiently serious if, inter alia, the inmate's condition has been diagnosed by a physician as requiring treatment. *Greeno,* **414 F.3d at 653.** The condition need not be life-threatening to be serious. *Roe,* **631 F.3d at 857,** *quoting*

---

[2] Jordan does not allege denial of court access or any other claim based on this statement by the un-named officers; he apparently includes this as support for his claim that his medical treatment was delayed and denied by the three named Defendants.

*Gayton v. McCoy,* **593 F.3d 610, 620 (7th Cir. 2010).** Prolonged, unnecessary pain can support a deliberate indifference claim, as can delayed treatment; and even a short delay may suffice if a condition is severely painful and readily treatable. *Smith,* **666 F.3d at 1039-40 (7th Cir. 2012);** *Edwards v. Snyder,* **478 F.3d at 830-31 (plaintiff who painfully dislocated his finger and was needlessly denied treatment for two days stated a deliberate indifference claim).**

However, § 1983 creates a cause of action based on personal liability and predicated upon fault. Liability does not lie unless the particular individual defendant caused or participated in the constitutional deprivation. *See Kuhn v. Goodlow,* **678 F.3d 552, 555-56 (7th Cir. 2012).** "Section 1983 creates liability only for a defendant's personal acts or decision," *Vinning-El v. Evans,* **657 F.3d 591, 592 (7th Cir. 2012).** It "does not establish a system of various liability," *Burks v. Raemisch,* **555 F.3d 592, 593-94 (7th Cir. 2009),** and it "has long been established that there is no respondeat superior liability under section 1983," *Rodriguez v. Plymouth Ambulance Service,* **577 F.3d 816, 822 (7th Cir. 2009).** *See also Matthews v. City of East St. Louis,* **674 F.3d 703, 708 (7th Cir. 2012).**

In the case at bar, the complaint presents sufficient factual allegations to state a claim for relief against Dr. Chabbra for deliberate indifference to Jordan's serious medical needs. The complaint contains no allegations stating a claim upon which relief could be granted as to Sheriff Jones or Lieutenant Schaeffer. The Sheriff and the "head jailer" cannot be held liable solely by virtue of their positions or titles for any constitutional deprivations by Dr. Chabbra, and the complaint alleges no personal involvement by them whatsoever. So the claims against Defendants Jones and Schaeffer will be dismissed. Dismissal of the claims against Jones and Schaeffer shall be *without* prejudice. *See Smith,* **666 F.3d at 1040.**

C.  <u>Conclusion</u>

**Surviving 1915A review is Plaintiff's deliberate indifference claim against Defendant Chabbra. The remaining claims (for deliberate indifference against Defendants Jones and Schaeffer) are dismissed without prejudice.**

The Clerk of Court **SHALL PREPARE** for Defendant Chabbra the following forms: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to the Defendant's place of employment as identified by Plaintiff. If the Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. If Plaintiff is incarcerated in a correctional facility that participates in the Electronic Filing Program, service may be made in accordance with General Order 2010-1 describing service under that program. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant Chabbra hereby is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings. Furthermore, this entire matter is **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.* Consent forms can be provided by the Clerk of Court upon request or found on the Court's website – www.ilsd.uscourts.gov.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time he moved under 28 U.S.C. § 1915 for leave to commence this civil action without prepaying fees and costs, he was deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. *See* **Local Rule 3.1(c)(1).**

Finally, Plaintiff is **REMINDED that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address.** The Court will not independently investigate Plaintiff's whereabouts in the attempt to provide copies of Court Orders or other pleadings.

Plaintiff shall notify the Court of any address change in writing not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of Court documents and may result in dismissal of this action for want of prosecution. *See* **FED. R. CIV. P. 41(b).**

IT IS SO ORDERED.

DATED  August  15, 2012.

                                                   *s/ Michael J. Reagan*
                                                   Michael J. Reagan
                                                   United States District Judge