IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROCK JORDAN, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 11–cv–0919–SCW |
| | ) |
| DR. CHHABRA, | ) |
| | ) |
|        Defendant. | ) |

# ORDER

**WILLIAMS, Magistrate Judge:**

This § 1983 lawsuit stems from *pro se* Plaintiff Rock Jordan's allegations that Defendant Jogendra Chhabra, M.D., violated his Eighth Amendment rights via deliberate indifference to Jordan's serious medical needs. The case comes before the undersigned judge on Defendant Chhabra's motion to dismiss for failure to prosecute the case. The motion is **GRANTED**.

### BACKGROUND

In October 2011, Jordan brought the instant suit against three state employees who worked at the Franklin County Jail. Jordan, apparently free from custody, informed the Court of his new Gary, Indiana, address in February 2012. After District Judge Reagan's § 1915A threshold review (in August 2012), only one defendant—Dr. Chhabra—remained. Chhabra filed his Answer on November 26, 2012, and consented to the undersigned magistrate judge's jurisdiction on December 21, 2012.

On December 20, 2012, the undersigned held a telephonic status conference. The teleconference had been noticed, call-in-instructions included, in late November 2012, with an explicit warning to Mr. Jordan: "Mr. Jordan should take note: should he fail to appear for the

December 20 teleconference, his CASE MAY BE DISMISSED [pursuant to] Federal Rules of Civil Procedure 16(f) and 41(b)." (Doc. 20, 2). The plaintiff failed to appear for the telephonic hearing.

At the hearing, Defendant informed the Court that a deposition had been set for 10:00 a.m. on December 21, 2012, and that Plaintiff had been sent notice of that deposition (at the Gary address) on December 7. At the deposition, defense counsel and court reporter waited 55 minutes for the plaintiff, who failed to attend. Based on the plaintiff's failure to appear at the deposition, and his failure to appear at the December 20 teleconference, Defendant made an oral motion to dismiss the case.

Mr. Jordan's last filing with this Court occurred in February 2012, when he notified the Court of his new address. Every Court order subsequent to that notice has been sent to Jordan's Gary, Indiana, address. The Court has not received any indication that Jordan's address is invalid: no mail has been returned (as undeliverable or for any other reason) to the Court.

## ANALYSIS

Federal Rule of Civil Procedure 16(f) permits sua sponte sanctions (including those authorized by Federal Rule 37(b)(2)(A)(ii)–(vii)) against a party who fails to appear at a pre-trial conference. **FED. R. CIV. P. 16(f)(1)(A).** Under Rule 37(d), those same sanctions (plus Rule 37(b)(2)(A)(i)'s sanction of establishing designated facts for purposes of the action) are available if a properly noticed party fails to appear at his own deposition. **FED. R. CIV. P. 37(d)(1)(A)(i).**

In turn, Rule 37(b) authorizes dismissal, which the Seventh Circuit has called a "feeble sanction" if it is without prejudice. *Lucien v. Breweur*, 9 F.3d 26, 28 (7th Cir. 1993); **FED. R. CIV. P. 37(b)(2)(A)(v).** Dismissal can also be effectuated via Federal Rule 41(b), which states the general principle that failure to prosecute a case should be punished by dismissal with prejudice. *Lucien*, 9 F.3d at 29. *Accord James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005)

(under Rule 41(b), a "district court has the authority . . . to [dismiss a case] for lack of prosecution.").

Jordan's failure to appear at his deposition puts the case in the crosshairs of Rule 37(d)(1)(A)(i), and his failure to appear at the December 20 teleconference subjects him to sanctions under Rule 16(f).  More broadly, Jordan's lack of interest in the case—he has apparently not hired an attorney, and has been silent since February 2012—give this Court discretion to dismiss his case for his failure to prosecute it.  **FED. R. CIV. P. 41(b).**  Even though he knew the consequence of his inaction—the Court expressly warned him that failing to appear for an easily-accessed toll-free telephonic hearing would subject him to the sanction of dismissal—Mr. Jordan did not call in for the December 20 teleconference.  **See Ball v. City of Chi., 2 F.3d 752, 760 (7th Cir. 1993) ("there must be an explicit warning before the case is dismissed" for failure to prosecute).**  The Court finds that Mr. Jordan's failure to prosecute the case generally, and in particular his failure to appear at either his deposition or the December 20 teleconference, warrant dismissal.  **See Lucien, 66 F.3d at 29 ("The criteria for sanctions under Rules 16(f), 37(b), and 41(b) are the same.").**  This case is therefore **DISMISSED WITH PREJUDICE**.

### DISPOSITION

For the foregoing reasons, Defendant's oral motion to dismiss is **GRANTED**.  The case is **DISMISSED WITH PREJUDICE** for Mr. Jordan's failure to diligently prosecute his case.  All settings are hereby cancelled.  Judgment shall be entered, and the case shall be closed.

**IT IS SO ORDERED.**

**DATED:** 12/28/2012                        /s/ *Stephen C. Williams*
                                            **STEPHEN C. WILLIAMS**
                                            United States Magistrate Judge